UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RALPH LEPINO,                                :
                      Plaintiff,          :
v.                                      :
                                    :
TOWN/VILLAGE OF HARRISON;       :    **OPINION AND ORDER**
ROBERT J. CARLUCCI, in his individual and  :
official capacities as a Police Officer; and    :    21 CV 6874 (VB)
MATTHEW FITZGERALD, in his individual  :
and official capacities as a Code Enforcement  :
Officer for the Town/Village of Harrison,    :
                     Defendants.     :
------------------------------------------------------------x

Briccetti, J.:

Plaintiff Ralph Lepino brings this action pursuant to 42 U.S.C. § 1983 against defendants the Town/Village of Harrison ("Harrison"), Harrison Police Officer Robert J. Carlucci, and Harrison Code Enforcement Officer Matthew Fitzgerald, alleging (i) Carlucci violated plaintiff's Fourth Amendment right to be free from excessive force and committed state-law assault and battery, and (ii) Fitzgerald violated plaintiff's Fourteenth Amendment right to equal protection.

Now pending is defendant Fitzgerald's motion for summary judgment. (Doc. #102).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

The parties have submitted memoranda of law, declarations with exhibits, and statements of undisputed material facts pursuant to Local Civil Rule 56.1, which together reflect the factual background set forth below. For purposes of ruling on the instant motion, the Court only recounts facts relevant to defendant Fitzgerald.[1]

---

[1]     Defendants Harrison and Carlucci have not moved for summary judgment.

Plaintiff owns and resides at a home located at 74 Crotona Avenue in Harrison (the "Home").  The Home features a flat roof, and was constructed so that rainwater from the roof is channeled from the roof and down a drainpipe that goes under the public sidewalk in front of the Home.  Water from the drainpipe is discharged into the street in front of the Home, and flows into a public storm sewer nearby.

According to plaintiff, from June 1–5, 2020, the Harrison Department of Public Works ("DPW") removed a tree stump across the street from the Home.  (Doc. #107 ("Pl. Decl.") ¶ 3).  On June 5, 2020, plaintiff states he went outside after DPW completed work and observed the drain was not "left intact."  (Id. ¶ 7).  Plaintiff says the DPW workers chose to obstruct the drain outlet in front of the Home and that as a "retired P.E. licensed engineer," plaintiff "know[s] that without an outlet for rain or snow, the obstructed drain pipe could cause catastrophic damage to both the structure and its occupants."  (Id. ¶ 12).

Plaintiff went outside to ask the DPW workers why they had blocked his drain.  In doing so, plaintiff acknowledges he "raised [his] voice and used some salty language to express [his] frustration."  (Pl. Decl. ¶¶ 13–14).

The Harrison Police Department was called to investigate a verbal confrontation outside the Home.  Harrison police officers eventually tased plaintiff, and approximately twenty-five minutes after arriving at the Home, they transported plaintiff to the Harrison police station in a police car, where he was fingerprinted and photographed.

At some point that day, according to Code Enforcement Officer Fitzgerald, Harrison's Building Inspector, Rocco Germani, called Fitzgerald and said "there was an issue at [plaintiff's]

address, the police were called, DPW was doing work and that there's possibly some type of pipe drainage water into the street."  (Doc. #104-3 ("Fitzgerald Tr.") at 13).[2]

Thereafter, Fitzgerald visited the Home and took a picture of its drainpipe.  (Fitzgerald Tr. at 15).  According to Fitzgerald, he observed water in the drainpipe emptying into the street, which concerned him.  (Id. at 16–17, 25–26).  Plaintiff disputes this testimony and contends the photograph taken by Fitzgerald shows there was no water draining into the street.  (Doc. #108 ("Rule 56.1 Counterstatement") ¶ 30).

After visiting the Home, Fitzgerald returned to his office, showed Inspector Germani the picture he took of the Home's drainpipe, and informed Germani that Fitzgerald was going to issue a Notice of Violation ("NOV") to plaintiff for the water draining onto the street. (Fitzgerald Tr. at 16).  Fitzgerald and Inspector Germani discussed and agreed to issue a NOV. (Id. at 18).  Ultimately, Fitzgerald issued plaintiff a NOV on June 5, 2020.  (Doc. #104-2; Fitzgerald Dep. Tr. at 55–56).  The NOV states:

> On the above referenced date, time and place I observed on Friday, June 5, 2020, In front of 74 Crotona Ave, a pipe located at the front curb in front of, discharging water into the street, creating a public nuisance.  This is a violation of Section 507.1 of the International Property Maintenance Code.  You are required to abate and discontinue said violation within 30 days after this notice is served upon you.

(Doc. #104-2).  Section 507.1 provides that "[d]rainage of roofs . . . on the premises shall not be discharged in a manner that creates a public nuisance."  (Rule 56.1 Counterstatement ¶ 10).

Plaintiff testified Fitzgerald issued the NOV to cover-up the fact that plaintiff had been tased by the Harrison police, or to harass plaintiff because of the tasing.  (Doc.

---

[2]     Citations to "Tr. at _" refer to the page number at the top right-hand corner of each transcript page.

#104-9 ("Pl. Tr.") at 171).  Fitzgerald attests to the contrary that he was unaware plaintiff

had complained about DPW roadwork, argued with DPW workers, was in an altercation

with Harrison police, or was tased and arrested by Harrison police, before he issued the

NOV to plaintiff.  (Doc. #104-12 ("Fitzgerald Decl.") ¶¶ 6–12).

Based on these events, plaintiff argues he was treated differently from several

properties in Harrison—which he contends are properly considered comparator

properties—all of which have similar drains to the one at the Home.  One such purported

comparator property is the Harrison fire station.  However, plaintiff testified he was

unaware whether any of the purported comparator properties (including the fire station)

had ever been cited as a public nuisance.  (Pl. Tr. at 169).

Plaintiff also attests he visited three other residences in Harrison, each of which

received a NOV from Fitzgerald.  (Pl. Decl. ¶ 39).  Plaintiff visited these three residences

"to determine whether the properties could be construed as similar to the comparator

residences that were attached" to the amended complaint.  (Id.).  Plaintiff determined

these residences did not have drainpipes similar to the one at the Home and attests

"[b]ased on [his] observations and assessments as a professional engineer, the three

properties [he] visited presented materially different circumstances from [the Home] and

the comparator residences" plaintiff submitted with his amended complaint.  (Id. ¶ 50).

## DISCUSSION

I.    Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery

materials before the Court, and any affidavits show there is no genuine issue as to any material

fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[3]

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of her case on which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 322–23.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury reasonably could find for her. Dawson v. Cnty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

---

[3]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper.  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).  Bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.    Equal Protection Claim

Defendant Fitzgerald argues he is entitled to summary judgment because plaintiff has failed to raise a genuine issue of material fact that he was treated differently from others similarly situated.

The Court agrees.

A.    Legal Standard

The Constitution's "equal protection clause directs state actors to treat similarly situated people alike."  Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995).  "Where, as here, Plaintiff does not claim to be a member of a constitutionally protected class, [he] may bring an Equal Protection claim pursuant to one of two theories:  (1) selective enforcement or (2) class of one."  Best Payphones Inc. v. Dobrin, 410 F. Supp. 3d 457, 533 (E.D.N.Y. 2019).  Generally, "[t]he Second Circuit treats claims under the selective enforcement theory and the class of one theory as separate claims."  Salaam v. Stock, 2023 WL 3579770, at *3 n.6 (N.D.N.Y. May 22, 2023) (citing Casciani v. Nesbitt, 392 F. App'x 887, 888 (2d Cir. 2010) (summary order)).

To prevail on a selective-enforcement theory, a plaintiff must show (1) "[he] was treated differently than other similarly situated [individuals]" and (2) "that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Wandering Dago, Inc. v. Destito, 879 F.3d 20, 40 (2d Cir. 2018).

To prevail on a class-of-one theory, a plaintiff must show he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 140 (2d Cir. 2010) (quoting Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Further, "[t]he claim requires an extremely high degree of similarity between the plaintiff and its comparators." Lepper v. Scordino, 2023 WL 4004220, at *2 (2d Cir. June 15, 2023) (summary order). A plaintiff

> must establish that it is "prima facie identical" to a comparator by showing that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Id.

Thus, "[b]oth selective enforcement and class of one theories require a showing that Plaintiff was treated differently from other similarly-situated individuals." Chizman v. Scarnati, 218 F. Supp. 3d 175, 181 (E.D.N.Y. 2016). To sustain a selective-enforcement claim, "the plaintiff must demonstrate that the defendant was aware of similarly-situated entities, and failed to take comparable action against them." Bernstein v. Vill. of Wesley Hills, 95 F. Supp. 3d 547, 571 (2d Cir. 2015) (citing Diesel v. Town of Lewisboro, 232 F.3d 92, 104 (2d Cir. 2000)). Likewise, for a class-of-one claim, a plaintiff must "prove intentional disparate treatment, that is

demonstrate the decisionmakers were aware that there were other similarly-situated individuals who were treated differently."  Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d at 143.

    B.    <u>Analysis</u>

Even assuming plaintiff has identified similarly situated comparators to the Home—which Fitzgerald disputes are properly considered comparators—plaintiff has not raised a genuine issue of material fact as to whether Fitzgerald intentionally treated such comparators differently.

Here, plaintiff has not proffered evidence of purported comparators committing a public nuisance, of which Fitzgerald was aware and yet failed to issue a NOV.  In fact, at his deposition, plaintiff testified he was not aware whether any of the purported comparator properties had been cited as a public nuisance:  "Q.  How do you know that the town firehouse has never been cited as a public nuisance?  A.  I don't.  Q.  Are you aware of whether any of the comparator residences have been cited?  A.  No.  I think that says it.  We don't know."  (Pl. Tr. at 169).  Without evidence that Fitzgerald, or even Harrison, issued NOVs to these purported comparators, a reasonable jury could not conclude that plaintiff was treated differently than them.  See Glover v. City of New York, 2018 WL 4906253, at *14 (E.D.N.Y. Oct. 9, 2018) ("Generally, to establish differential treatment, a plaintiff must demonstrate that the defendant had knowledge of violations committed by others, but declined to enforce them."); cf. Williams v. City of New Rochelle, 2017 WL 6335904, at *7 (S.D.N.Y. Dec. 7, 2017), aff'd 787 F. App'x 45 (2d Cir. 2019) (summary order).

Instead, to support his claim against Fitzgerald, plaintiff merely contends his "drainpipe was not draining water into the street" and "a reasonable jury could conclude that all of the drains at the comparator residences are discharging the same amount of water into the street as

[plaintiff's]:  none."  (Doc. # 106 ("Opp.") at 15).  However, this does not satisfy plaintiff's burden to provide evidence that these purported comparators were treated differently from plaintiff.

Further, plaintiff's opinion that other properties for which Fitzgerald issued NOVs are not comparators with the Home is immaterial—it matters not how Fitzgerald treated differently situated properties, but how Fitzgerald treated similarly situated ones.

Accordingly, summary judgment for Fitzgerald is warranted, and plaintiff's equal protection claim must be dismissed.

## CONCLUSION

Defendant Fitzgerald's motion for summary judgment is GRANTED.

Matthew Fitzgerald is dismissed as a defendant in this action.

A case management conference is scheduled for August 16, 2023, at 11:30 a.m.  The conference will proceed in person, at the White Plains courthouse, Courtroom 620.  Counsel shall be prepared to discuss the setting of a trial date and a schedule for pretrial submissions, as well as what efforts they have made and will continue to make to settle this case.

The Clerk is directed to terminate Matthew Fitzgerald as a defendant in this action and terminate the motion.  (Doc. #102).

Dated:  July 10, 2023
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

9