UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
 RALPH LEPINO,                                       :
                              Plaintiff,            :
                                                     :        **MEMORANDUM OPINION**
 v.                                                  :        **AND ORDER**
                                                     :
 THE TOWN/VILLAGE OF HARRISON, and  :
 ROBERT J. CARLUCCI,                           :        21 CV 6874 (VB)
                              Defendants.           :
--------------------------------------------------------------x

Briccetti, J:

　　　On March 13, 2024, the Court received an undated letter from plaintiff Ralph LePino,
asking the Court to "reconsider your decision that will cost me thousands more."  (Doc. #147 at
ECF 2).[1]  Although plaintiff is represented by counsel, by Order dated March 13, 2024, the Court
construed Mr. LePino's letter as an application for review of the Clerk's March 7, 2024, Bill of
Costs pursuant to Rule 54(d)(1).  The Court has considered defendants' requests and plaintiff's
objections thereto, as well as the Clerk's final Bill of Costs.  (Doc. #146).

　　　For the reasons set forth below, plaintiff's Rule 54(d)(1) motion is DENIED.

　　　The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

　　　Plaintiff brought this Section 1983 action against defendants the Town/Village of
Harrison, Police Officer Robert J. Carlucci, and Code Enforcement Officer Matthew Fitzgerald,
alleging violations of his Fourth and Fourteenth Amendment rights and asserting state law claims
for assault and battery.  (Doc. #37).  The Court later dismissed plaintiff's claim against the
Town/Village of Harrison pursuant to Monell v. Department of Social Services, 436 U.S. 658

---

[1]　　"ECF __" refers to pages automatically assigned by the Court's Electronic Filing System.

(1978) (Doc. #70), and granted summary judgment to defendants on plaintiff's claims against Fitzgerald (Doc. #113).

A jury trial of plaintiff's remaining claims commenced on February 5, 2024.  On February 8, 2024, the jury returned a verdict in favor of defendants, and the Court entered judgment and dismissed plaintiff's amended complaint.  (Doc. #139).

Defendants thereafter filed a proposed bill of costs, seeking $3,595.90.  (Doc. #140). Plaintiff filed objections (Doc. #141), and the Clerk awarded defendants the reduced sum of $3,381.80 (Doc. #146).

## DISCUSSION

"A district court reviews the clerk's award of costs by exercising its own discretion to 'decide the cost question [it]self.'" Assocs. Against Outlier Fraud v. Huron Consulting Grp., 817 F.3d 433, 435 (2d Cir. 2016); Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).  Pursuant to Rule 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." "[B]ecause Rule 54(d) allows costs as of course, such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Javier v. Deringer, 501 F. App'x 44, 45 (2d Cir. 2012) (summary order).  Accordingly, the losing party bears the burden of demonstrating costs should not be imposed. Cohen v. Bank of N.Y. Mellon Corp., 2014 WL 1652229, at *1 (S.D.N.Y. Apr. 24, 2014).  "Costs may be denied due to the misconduct of the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's financial resources." Javier v. Deringer-Ney, Inc., 501 F. App'x at 45.

Defendants are entitled to the costs awarded by the Clerk.  The costs taxed are each specifically authorized by statute, the Federal Rules of Civil Procedure, and/or Local Civil Rule 56.1, and defendants sufficiently documented and justified their modest requests.

Equally important, plaintiff has offered no basis for the Court to deny defendants' reasonable costs.  Plaintiff has neither suggested nor demonstrated any financial hardship.  And the Court finds plaintiff's commentary regarding the purportedly "untrue" charges brought against him, the supposed perjury of certain witnesses, and his motivations for bringing this action to be disingenuous and inconsistent with the credible evidence and testimony presented at trial.  In considering the balance of equities, it also bears emphasizing that defendants made plaintiff a substantial settlement offer, which he rejected.  While plaintiff had a right to try his case to a jury, it is neither unfair nor inequitable that he must now bear a measure of the costs defendants incurred in successfully opposing his claims.

## CONCLUSION

Plaintiff's motion pursuant to Rule 54(d)(1) is DENIED.

Plaintiff must pay costs to defendants in the amount of $3,381.80, as assessed by the Clerk.  (Doc. #146).

Dated:  March 22, 2024
       White Plains, NY

                              SO ORDERED:

                              Vincent L. Briccetti
                              United States District Judge